IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUIS ANTONIO MIZHIRUMBAY PAUCAR,

    Petitioner,

v.   No. 1:26-cv-00121-MLG-JHR

TODD LYONS, in his capacity as Acting
Director, Immigration and Customs
Enforcement; KRISTI NOEM, Secretary, U.S.
Department of Homeland Security; PAMELA
BONDI, U.S. Attorney General; EXECUTIVE
OFFICE FOR IMMIGRATION REVIEW;
WARDEN, of Otero County Processing Center,
Chaparral, New Mexico,

    Respondents.

**ORDER PARTIALLY GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO
CONDUCT A BOND HEARING PURSUANT TO 8 U.S.C. § 1226(a)**

    This matter is before the Court on Petitioner Luis Antonio Mizhirumbay Paucar's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1. On February 3, 2026, Federal Respondents filed a Response, Doc. 8, and Mizhirumbay Paucar filed his Reply, Doc. 9. Mizhirumbay Paucar, an Ecuadorian citizen, is detained at the Otero County Processing Center in Chaparral, New Mexico.[1] Doc. 1 ¶ 1. Mizhirumbay Paucar challenges his continued detention and "seeks a writ of habeas corpus requiring his immediate release from custody or, in the alternative that he be provided a bond hearing under § 1226(a) within seven days in which [the Department of Homeland Security]

---

[1] Prior to his detention, Mizhirumbay Paucar lived in Minnesota with his wife and four children, the latter of whom are United States citizens. Doc. 1 ¶¶ 17, 44; *see also* Doc. 1-2. He does not have a criminal record. Doc. 1 ¶ 45.

1

bears the burden of establishing the necessity of [P]etitioner's continued detention and considers alternatives to detention that could mitigate flight risk." Doc. 1 ¶¶ 9, 17.

Whether Mizhirumbay Paucar is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a)(2), or whether he is instead subject to the mandatory detention provision provided by 8 U.S.C. § 1225(b)(2)(A),[2] is a question the Court has already addressed in regard to similarly situated petitioners. *See, e.g.*, *Cortez-Gonzales v. Noem*, No. 2:25-cv-00985, 2025 WL 3485771, at *3-5 (D.N.M. Dec. 4, 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). Like the "vast majority" of courts confronted with this issue, the Court has concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[3] like Mizhirumbay Paucar, who has resided in the United States for more than twenty years. Doc. 1 ¶ 44; *see, e.g.*, *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years).

---

[2] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

[3] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

Federal Respondents provide no persuasive basis to depart from the Court's prior decisions on this matter. Their primary argument is that Mizhirumbay Paucar is "appropriately detained pursuant to § 1225(b)(2)(A) per guidance from the BIA in *Matter of Yajure Hurtado*, and thus there has been no Immigration and Nationality Act ("INA") . . . nor due process . . . violation." Doc. 8 at 1; *see also* Doc. 8 at 2-14. The Board of Immigration Appeals' ("BIA") opinion in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), is not binding on the Court, and the Court rejects the BIA's interpretation of the statutes for the same reasons articulated in its other decisions. *See, e.g., Cortez-Gonzales*, 2025 WL 3485771, at *5 ("This Court is not bound by the BIA's interpretation of the relevant statutes—particularly when the [interpretation] lacks sound legal foundation."); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) ("The views of the Executive Branch [may] inform the judgment of the Judiciary, but [do] not supersede it.").

The Court therefore concludes § 1226(a) governs Mizhirumbay Paucar's detention. Respondents' reliance on § 1225(b)(2)(A) to detain Mizhirumbay Paucar without a bond hearing constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); *see also Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process

3

Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").

Accordingly, the Court will grant Mizhirumbay Paucar's request for a bond hearing. Federal Respondents are ordered to provide Mizhirumbay Paucar with an individualized bond hearing pursuant to § 1226(a) before a neutral immigration judge within seven days[4] of this Order's filing. At the bond hearing, federal Respondents must justify Mizhirumbay Paucar's continued detention by clear and convincing evidence.[5] If federal Respondents fail to meet this evidentiary burden, Mizhirumbay Paucar should be released on appropriate conditions. Federal Respondents are further ordered to file a status report within ten days of this Order's filing to certify their compliance. The status report must include when the bond hearing occurred, if bond was granted or denied, and, if bond was denied, the reason(s) for the denial.

If Mizhirumbay Paucar does not receive a bond hearing in accordance with this Order, the Court will order his immediate release.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[4] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6.

[5] This Court agrees with the "consensus view" that "where . . . the government seeks to detain [a noncitizen] pending removal proceedings, it bears the burden of proving that such detention is justified." *Ixchop Perez v. McAleenan*, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020) (internal quotation marks omitted) (quoting *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018)). "[G]iven the important constitutional interests at stake, and the risk of harm in the event of error, it is appropriate to require the government to bear the burden . . . ." *Darko*, 342 F. Supp. 3d at 435. And "in accordance with the overwhelming majority of courts to have decided the issue," this Court "concludes that the government must bear the burden by clear and convincing evidence." *Id.* at 436.